JURGEN SCHRADER, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 16608

March 5, 1986                    714 P.2d 1008

*Fadgen, Lovell, Bilbray, Potter and Gewerter,* Las Vegas, for
Appellant.

*Brian McKay,* Attorney General, Carson City; *Mark D. Tor-
vinen,* District Attorney, *John S. McGimsey,* Deputy District
Attorney, Elko County; *James Wilson,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction for one count
each of commission of a fraudulent act and conspiracy to cheat at
gaming. The details of the alleged crimes are not important here,
for the conviction was tainted by the closing argument remarks of
the prosecutor and must now be reversed.

Our decision in this case turns on a single issue: Whether
certain comments made by the prosecutor during closing argu-
ment amounted to misconduct warranting reversal. When pre-
sented with this question in the past we have not hesitated to
reverse a conviction if the comments were so egregious as to deny
the defendant a fair trial. *See, e.g.,* Collier v. State, 101 Nev.
473, 705 P.2d 1126 (1985).

The complained of comments in the instant case occurred
during the prosecutor's closing argument:

[By Mr. McGimsey, the prosecutor]: Give us credit for our ace in-the-hole-here, Mr. Hochdorf. Mr. Hochdorf indicated that we didn't get—we, of course, have access to our information that didn't come out in trial and can't present that too—

MR. POTTER: Objection, Your Honor.

THE COURT: Don't argue anything that was not put in evidence, Mr. McGimsey.

MR. McGIMSEY: I am not. Is it not true that we have access to things that are not in the trial?

THE COURT: I don't know. That's why you can't bring it up. You can't do that.

MR. McGIMSEY: What I'm saying, we have access to things that are not available, so we can't really get into that about what happened before.

Comments by a prosecutor such as those made in this case have the effect of diverting the jury's attention from its proper purpose. They serve to give the jury a verbal wink and nod indicating that the state has some other or secret evidence against the defendant which for some reason it was not allowed to present. A defendant has a right to a verdict based on the evidence admitted at trial. Remarks by a prosecutor which imply that the state is possessed with further incriminating evidence impair that right. State v. Kassabian, 69 Nev. 146, 243 P.2d 264 (1952).

The harmful effect of the comments in the instant case was compounded because the prosecutor twice repeated them after being admonished by the trial court that, "You can't do that." By repeating the comment the prosecutor served only to make certain that the matter was firmly impressed in the minds of the jurors.

The state has argued that this error was harmless and should not be grounds for reversal. We cannot agree. The character of this error, the prosecutor's persistence in twice repeating it, and the relative strength of evidence of guilt lead us to conclude that the error was not harmless. Judgment of conviction is reversed.