# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ALEXANDER SEVIER,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 74542 |

FILED

MAR 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempt robbery with use of a deadly weapon, robbery with use of a deadly weapon, false imprisonment with use of a deadly weapon, and two counts of burglary while in possession of a firearm. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Alexander Sevier was convicted of burglarizing two separate businesses, wherein he utilized a firearm to detain and rob one victim and attempt to rob two others. The district court adjudicated Sevier as a violent habitual criminal with respect to three of the convictions and as a large habitual criminal with respect to the remaining convictions, imposing an aggregate sentence of life in prison with the possibility of parole after 12 years. Sevier contends the State committed reversible prosecutorial misconduct in misrepresenting the DNA evidence during its closing argument. We agree, reverse the judgment of conviction, and remand for a new trial.

During one of the burglaries, the perpetrator covered his face with three layers of clothing—a maroon scarf; a red, white, and pink-striped scarf; and a blue skirt. The State's DNA expert testified that each of these

19-11602

items contained a mixture profile of DNA but that a major DNA contributor could be identified only from the DNA obtained from the skirt, which matched Sevier. As to the two scarves, however, the expert testified that the DNA analysis was inconclusive. She reiterated this conclusion multiple times, once stating, "[f]or these particular two items, no major contributor could have been conclusively determined," and another time testifying, "for those two [scarves], the data was just so complex, and there was way too much information there for me to apply any of our deconvolution or unraveling of that profile to see if a major contributor could be there." Despite the expert classifying the DNA on the two scarves as inconclusive, the State argued otherwise during closing argument:

> I've prepared a demonstrative aid that I'm going to use which combines the mixture profiles of the scarf – the striped scarf and the maroon scarf next to the defendant's known profile. He's not excluded from these mixtures because all of the numbers present in his known profile are contained within that mixture. The defendant's DNA was on all three of those items[.]

Sevier objected, but the court overruled the objection and told the jurors to rely on their "collective recollection" of the evidence when deliberating. The State continued its argument and again misrepresented that the DNA expert testified that Sevier was "not excluded as a contributor to these DNA samples." The record reveals that the State made other similar representations as to the DNA evidence during the trial.

In reviewing claims of prosecutorial misconduct, we first determine if the conduct was improper and, if so, whether the conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). "[T]his court will not reverse a conviction based on prosecutorial misconduct if it was harmless error. . . . If the error is not of constitutional

dimension, [this court] will reverse only if the error substantially affects the jury's verdict." *Id.* at 1188-89, 196 P.3d at 476.

The State misrepresented the DNA evidence by both incorrectly characterizing it as nonexclusion evidence, rather than inconclusive, and in directly contradicting its expert's testimony as to the analysis of the DNA on the two scarves, which was clearly improper. *See Morgan v. State*, 134 Nev., Adv. Op. 27, 416 P.3d 212, 227 (2018) (reiterating the "fundamental legal and ethical rule" that the State may not argue facts not in evidence); *see also Yates v. State*, 103 Nev. 200, 205, 734 P.2d 1252, 1255 (1987) (concluding that it is clearly improper for the prosecutor to transform into an unsworn witness during final argument). It was further improper for the State to reinforce its misrepresentation with a demonstrative aid during closing argument, circle numbers for the jury, and then state that Sevier's DNA was on both scarves, in contradiction to its own expert's testimony. *See Watters v. State*, 129 Nev. 886, 891-92, 313 P.3d 243, 258 (2013) (stressing the impact of visual aids on a jury, "[w]ith visual information, people believe what they see and will not step back and critically examine the conclusions they reach, unless they are explicitly motivated to do so" (quoting *In re Glasmann*, 286 P.3d 673, 680 (Wash. 2012) (alteration in original) (further internal quotation marks omitted))).

As we conclude that the State's conduct was improper, we next determine whether reversal is warranted. We acknowledge that the record reveals sufficient evidence to support the convictions.[1] However, we weigh

---

[1]For this reason, we reject Sevier's challenge to the sufficiency of the evidence supporting the jury's verdict. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (providing that in reviewing a challenge to the

that evidence against the character of the error here, which is substantial—multiple misrepresentations to the jury in word and by visual aid, coupled with the court overruling Sevier's objection during closing argument. *See Schrader v. State,* 102 Nev. 64, 65, 714 P.2d 1008, 1009 (1986) (reversing a criminal conviction based on a prosecutor's persistence in repeating an improper remark regarding facts not in evidence); *see also State v. Kassabian,* 69 Nev. 146, 152, 243 P.2d 264, 267 (1952) (reversing a criminal conviction based on the State misleading the jury by stating facts beyond the scope of the record and in contradiction to the evidence adduced at trial); *People v. Wright,* 37 N.E.3d 1127, 1136 (N.Y. 2015) (finding reversible error based on a prosecutor's closing argument that contradicted expert testimony and misrepresented the scientific import of the DNA evidence). We also consider the nature of the evidence that the State misrepresented—DNA evidence, which is highly revered and relied upon by juries as it provides "powerful new evidence unlike anything known before." *Dist. Attorney's Office for the Third Judicial Dist. v. Osborne,* 557 U.S. 52, 62 (2009); *see also McDaniel v. Brown,* 558 U.S. 120, 136 (2010) (reiterating that "[g]iven the persuasiveness of [DNA] evidence in the eyes of the jury, it is important that it be presented in a fair and reliable manner"); *People v. Marks,* 374 P.3d 518, 525 (Colo. App. 2015) (highlighting the significant impact that DNA evidence has on juries: "so much so that the evidence has long enjoyed a status of mythic infallibility for juries" (internal quotation marks omitted)); *Duncan v. Commonwealth,* 322 S.W.3d 81, 86-91 (Ky.

---

sufficiency of the evidence, this court considers "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979))).

 

2010) (finding that a prosecutor's gross misrepresentation of the expert's DNA testimony rendered the trial manifestly unfair especially given the great weight that jurors give DNA evidence). Given these considerations, the seriousness of the offenses, and the severity of the aggregate sentence imposed, we cannot say with confidence that the State's error did not substantially affect the jury's verdict.[2] This error therefore warrants reversal.

Having concluded that the State committed reversible prosecutorial misconduct, we admonish prosecutor Elizabeth A. Mercer for her egregious and manifestly improper statements to the jury, which were magnified by the visual aid used during closing argument. This is the second case, of which we are aware, where Mercer flagrantly misled a jury regarding DNA evidence. *See Richards v. State*, Docket No. 70530 (Order of Reversal and Remand, Dec. 4, 2018) (concluding that "the prosecutor committed misconduct during closing argument when it asked the jury to arrive at a different conclusion than the State's expert about DNA evidence"). The record shows that Mercer knew that the inference she was urging the jury to make was not supportable, as she unsuccessfully tried to elicit corroboration from the DNA expert during Sevier's first trial.[3] Although Mercer avoided that line of questioning in the second trial, she still used the unsupported inference in closing argument at the second trial. This court has previously warned that "toying with the jurors' imagination is risky and the responsibility of the prosecutor is to avoid the use of

---

[2]We need not address Sevier's other assignment of error on appeal.

[3]Sevier was tried twice. The first trial resulted in an acquittal on some charges and a hung jury on the other charges, resulting in a second trial on those charges. The same DNA expert testified in both trials.

language that might deprive a defendant of a fair trial." *Pacheco v. State,* 82 Nev. 172, 180, 414 P.2d 100, 104 (1966); *see also Berger v. United States,* 295 U.S. 78, 88 (1935) (emphasizing that "while [the prosecutor] may strike hard blows, [s]he is not at liberty to strike foul ones" and that "[i]t is as much [her] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one"); *McGuire v. State,* 100 Nev. 153, 155, 677 P.2d 1060, 1062 (1984) (reiterating the dangers of prosecutorial misconduct both in terms of depriving an accused of the right to a fair trial and the additional public expense of a retrial). Consequently, we refer Mercer to the State Bar of Nevada for such disciplinary investigations or proceedings as are deemed warranted. *See* SCR 104(1)(a) (providing that bar counsel shall investigate possible attorney misconduct called to its attention). Accordingly, we direct the clerk of this court to provide a copy of this order to the State Bar of Nevada.

Based on the foregoing, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A

STIGLICH, J., concurring:

I agree that the prosecutor committed egregious misconduct that was not harmless and therefore warrants reversal of the judgment of conviction and a remand for further proceedings. I am not convinced, however, that the prosecutor's misconduct warrants referral to the State Bar at this time. While the prosecutor engaged in the same kind of misconduct in two cases, that misconduct was not rebuked by the trial judges in either case and was not directly rebuked by this court until our recent unpublished decision in *Richards v. State*, Docket No. 70530. By no means do I condone the prosecutor's actions or question that the misconduct is clear and not subject to reasonable debate. But I see no reason to assume that our strong rebuke and remand for a new trial in this case and *Richards* will be insufficient to discourage the prosecutor from engaging in similar misconduct in the future.

_____, J.
Stiglich

cc:    Hon. Valerie Adair, District Judge
Benjamin Durham Law Firm
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk
Bar Counsel, State Bar of Nevada